UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DARYL JEROME SMITH,

                    Plaintiff,                    Case No. 1:12-cv-468

v.                                                          Honorable Janet T. Neff

CITY OF DETROIT et al.,

                    Defendants.
_____/

## OPINION

This is a mandamus action brought by a state prisoner pursuant to 28 U.S.C. § 1361. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed as frivolous.

**Factual Allegations**

Plaintiff Daryl Jerome Smith presently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Michigan Reformatory.  He sues the City of Detroit, Wayne County, and Judges Leonard Townsend and Michael James Callahan.

On June 12, 1985, Plaintiff was sentenced to life imprisonment without parole, after a Wayne County jury convicted him of first-degree felony murder.  Plaintiff appealed his conviction to both the Michigan Court of Appeals and the Michigan Supreme Court.  The supreme court denied leave to appeal on November 9, 1987.  In 1994, Plaintiff filed a motion for relief from judgment, which was denied under MICH. CT. R. 6.508(D) on March 3, 1994.  Plaintiff sought leave to appeal to both the Michigan Court of Appeals and Michigan Supreme Court.  Both courts denied leave to appeal.  The supreme court's decision was issued on June 24, 1996.  Plaintiff filed a second motion for relief from judgment on July 24, 1998, which was denied on August 5, 1998.  Both the Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal under MICH. CT. R. 6.508(D)(3).  The supreme court's decision was issued February 29, 2000.

On June 6, 2000, Plaintiff filed an application for writ of habeas corpus in the United States District Court for the Eastern District of Michigan.  That court denied the petition because it was barred by the statute of limitations.  *See Smith v. Stegall*, 141 F. Supp. 2d 779 (E.D. Mich. 2001).  Plaintiff has filed a third motion for relief from judgment in the Wayne County Circuit Court on March 16, 2012.  That case apparently remains pending.

For relief, Plaintiff seeks an evidentiary hearing, a determination that appellate counsel was ineffective, a finding that Plaintiff has overcome the procedural bar of MICH. CT. R. 6.508(D), and $3.5 million in damages.

**Discussion**

Plaintiff essentially challenges his incarceration by the State of Michigan. Title 28 U.S.C. § 1361 confers jurisdiction only over mandamus actions to compel action by federal, not state, officials or employees. Federal courts have no authority to issue writs of mandamus to direct state officials to conform their conduct to state law. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Haggard v. Tennessee*, 421 F.2d 1384 (6th Cir. 1970). Therefore, the Court may not maintain jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1361. Plaintiff's challenge to the fact or duration of his confinement pursuant to the judgment of a state court only can be brought as a petition for habeas corpus relief under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody).[1]

Moreover, to the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional

---

[1] As discussed, Plaintiff previously has filed a petition for habeas corpus relief, which was denied as time-barred. Because Plaintiff's previous habeas action was filed after the enactment of the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA), his current petition is subject to the "second or successive" provision set forth in 28 U.S.C. § 2244(b). *See Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007). Before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2)). A prior dismissal on the merits has a preclusive effect under § 2244, and moreover, certain types of decisions reached before a merits determination also have a preclusive effect. *Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1997) (citing *Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 1996)). A dismissal on the basis of the statute of limitations is a decision on the merits, rendering a subsequent application second or successive. *See Villanueva v. United States*, 346 F.3d 55, 60 n.1 (2d Cir. 2003) (holding that a dismissal of a petition under § 2255 on the grounds of the statute of limitations is a decision on the merits for purposes of determining whether a petition is second or successive and noting that the rule applies equally to cases under § 2254). As a consequence, should Plaintiff wish to file a habeas petition, it would be second or successive, and he must first seek an order authorizing that petition from the Sixth Circuit.

conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck,* the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Plaintiff's allegations clearly call into question the validity of his conviction. Therefore, his action is barred under *Heck* until his criminal conviction has been invalidated.

An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). Because Plaintiff's request for a writ of mandamus lacks an arguable basis in law, it will be dismissed with prejudice as frivolous. *See Seyka v. Corrigan*, 46 F. App'x 260, 261 (6th Cir. 2002) (dismissing as meritless prisoner's request for mandamus relief in civil rights case); *Toptsidis v. Ohio*, No. 97-3283, 1997 WL 778106, at *1 (6th Cir. Dec. 11, 1997) (affirming dismissal of mandamus action challenging state conviction); *Sparks v. Doe*, No. 85-3463, 1985 WL

14132, at *1 (6th Cir. Dec. 13, 1985) (affirming district court's dismissal of state prisoner's mandamus action as frivolous); *Haggard*, 421 F.2d at 1386 (affirming dismissal of mandamus action because "federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties"); *Santee v. Quinlan,* 115 F.3d 355, 357 (5th Cir. 1997) (same).

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: June 4, 2012                              /s/ Janet T. Neff
                                                 Janet T. Neff
                                                 United States District Judge